

**Joshua M. Lurie**
**Partner**
**jmlurie@shapirocroland.com**
**(201)-488-3900**
**Member NJ, NY and VT (inactive) Bars**

November 26, 2024

**Via ECF**
Hon. Analisa Torres, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15D
New York, New York 10007-1312

      Re:    **Robles, et al. v. Ohm Theory, LLC**
               Civil Case No. 1:24-cv-07674-AT

Dear Judge Torres:

This office represents Defendant OHM Theory, LLC ("OHM") in this matter.

I write pursuant to Your Honor's Individual Rule III to seek leave to move to dismiss Plaintiff's complaint. As discussed below, this matter should be dismissed as it is materially and substantively deficient for the following reasons (expanded upon below): (1) Mr. Robles lacks standing to bring this action; (2) this Court lacks personal jurisdiction over OHM and this case was filed in an improper venue; and (3) the Complaint fails to state a claim upon which relief may be granted. Because these defects cannot be cured by Plaintiff filing a more specific pleading, we are seeking leave to file a motion to dismiss.

Further, and consistent with the Court's Individual Rules, we sent a pre-motion letter to Plaintiff's counsel, and they have not responded within the five (5) days as required. A copy of our letter is annexed hereto as **Exhibit A**. Therefore, we write to seek leave to move to dismiss for the following reasons:

    1.    **Plaintiff Lacks Standing to Sue OHM**

The Complaint invokes 28 U.S.C. § 1331 as the basis for this Court's jurisdiction over the frivolous claims brought against OHM under the ADA and New York state statutory counterparts. For subject matter jurisdiction, Plaintiff must show that their case "arises" under a federal law. *Arbaugh v. Y&H Corp.*, 546 *U.S.* 500, 513-4 (2006). For a party to successfully establish the court has subject matter jurisdiction, it must raise a colorable claim and have a personal stake in a given controversy. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). At every stage of

_____

Counsellors at Law | A Limited Liability Partnership Including Professional Corporations
411 Hackensack Avenue, Hackensack, NJ 07601; One Grand Central Plaza, Suite 4600, New York, NY 10165 (by appointment)
tel 201-488-3900, fax 201-488-9481; www.shapiro-croland.com

Case 1:24-cv-07674-AT   Document 9   Filed 11/26/24   Page 2 of 4

*Robles, et al. v. Ohm Theory, LLC*
Letter to Court re Motion to Dismiss
November 26, 2024
Page 2

litigation, "the party invoking jurisdiction bears the burden of establishing the elements of Article III standing." *Id. (*citing *Carter v. HealthPort Techs., LLC* 822 F.3d 47, 56 (2d Cir. 2016)).

In *Calcano*, the Court held that, in the context of ADA claims, a plaintiff must show the following: "(i) that he suffered an injury that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id* at 74 (citing *Transunion* at 2203). "[T]he central inquiry ***is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.***'" *Calcano, supra*, 36 F.4th at 74 (emphasis added) (citing *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021) (including "definiteness and the plaintiff's plan to return" and "frequency of the plaintiff's travel near the defendant's business" as factors to consider in assessing whether a plaintiff "faces a real and immediate threat of future injury.")) Regarding the physical proximity component to establish standing for having a noncompliant website under the ADA, "proximity is not probative of actual injury in website cases because everyone's computer is proximate." *Winegard v. Golftec Intellectual Prop. LLC*, 674 F. Supp. 21, 25 (E.D.N.Y. 2023). A party may not "merely parrot the legal standard." *Id*.

The Complaint fails to allege facts that reach the threshold of Article III standing under *Calcano*. Plaintiff is a resident of the State of New York, whereas OHM is a licensed dispensary, located in New Jersey, that can only sell cannabis items to customers at its store in Elmwood Park or via delivery ***to their residence in New Jersey***. Out-of-state customers cannot purchase cannabis items on OHM's website for delivery or transport to a state other than New Jersey. It would be both a state and federal crime to purchase cannabis products from OHM's website for delivery or transport to New York as Plaintiff avers is his intent. The Complaint fails to plead facts establishing that Mr. Robles has suffered an actual injury by purportedly visiting OHM's website or that there is a risk of future injury. This is because there is no risk for future injury because Mr. Robles cannot legally purchase cannabis in New Jersey and transport it to his home in New York. Accordingly, Mr. Robles lacks standing to file the subject Complaint.[1,2]

## 2. The Southern District of New York Lacks Personal Jurisdiction Over OHM

In determining whether the court has personal jurisdiction over a defendant under N.Y. C.P.L.R. 302(a) (the long-arm statute), "a court must decide (1) whether the defendant transacts any business in New York, and if so, (2) whether this cause of action arises from such a business transaction." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (citing *Best Van Lines v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)). Pursuant to 28 U.S.C. 1391(b), civil actions are properly commenced in either "(1) a judicial district in which any defendant resides, *if all defendants are residents of the state in which the district is located* or… (2) a judicial district *in which a substantial part of the events or omissions giving rise to the claim occurred*, or a

---

[1] Plaintiff has also filed what appear to be dozens of cut-and-paste complaints evidencing, further, frivolity and lack of standing.

[2] There is also no viability to the claims because, prior to service, which still has not occurred, the alleged violation was cured. Indeed, and as we would raise in the motion, Plaintiff defectively served the New York Secretary of State which is not an agent for service for Defendant as Defendant does not, and cannot, do business in New York.

Case 1:24-cv-07674-AT   Document 9   Filed 11/26/24   Page 3 of 4

*Robles, et al. v. Ohm Theory, LLC*
Letter to Court re Motion to Dismiss
November 26, 2024
Page 3

substantial part of property that is subject to the action is situated." *Id* (citing 28 U.S.C. 1391(b)(1), (2) (emphasis added)). In fleshing this out, Court held that "[t]he substantial part test is more rigorous than the minimum contacts tests employed in personal jurisdiction inquiries." *Id* at 30.

In this case, neither specific jurisdiction, general jurisdiction, nor proper venue exists. OHM is not a New York corporation and ***does not conduct any business in New York as it legally cannot do so***. The mere fact that OHM's website is accessible within the geographic boundaries of New York does not establish the "substantial contacts" necessary to confer this Court with either personal or general jurisdiction over OHM, or to venue this case in any District of New York. *See Reed Int'l, Inc. v. Afg. Int'l Bank*, 657 F. Supp. 3d 287, 305 (S.D.N.Y. 2023) (citing *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 418 (S.D.N.Y. 2009)). Moreover, simply accessing OHM's website from New York "is an insufficient basis for personal jurisdiction because websites are generally speaking, equally accessible everywhere [and]… the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of § 302(a)." *See Royalty Network* at 417.

### 3. **The Complaint Fails to State a Claim Upon Which Relief May be Granted**

Lastly, the Complaint fails to state a claim and must be dismissed. Allegations contained within a complaint must be plausible and "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do… nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As stated above, Plaintiff's allegations are entirely implausible as OHM cannot sell products in New York and Plaintiff cannot legally purchase products from OHM's dispensary in New Jersey and transport them back to New York. Additionally, the Complaint lacks factual enhancement and contains recycled adjectives and verbiage that are re-used between dozens of complaints and are not specific to this matter, including that the products were "recommended by a friend" and that the products are good for "creativity, energy, focus, depression, and inspiration" and that they are good for "migraine headaches." These facts are not particular, they are not plausible, and they fundamentally tender naked assertions that seek merely to recite the elements for a cause of action under the ADA. Lastly, and without conceding liability, OHM rectified any alleged accessibility issues on its website prior to being served[3] with the Complaint. Accordingly, Mr. Robles' claims are moot and without merit.

---

[3] Service of the Complaint on OHM via the Secretary of State is defective on its face because OHM does not conduct business in New York, is not incorporated or registered in that state, and service on the Secretary of State is about as useful as service in the East River. This shows an intent to defraud the Court, and as such, OHM reserves the right to move to dismiss the Complaint based on defective service and to request sanctions.

*Robles, et al. v. Ohm Theory, LLC*
Letter to Court re Motion to Dismiss
November 26, 2024
Page 4

## **Conclusion**

  Based on the foregoing, we respectfully request that the Court grant leave to file a motion to dismiss the complaint pursuant to *Fed. R. Civ. P.* 12(b)(1), (2), (3), (5), and (6).

           Very truly yours,
           ***/s/ Joshua M. Lurie***
           Joshua M. Lurie

JML:apb

cc: Client (via E-Mail under Separate Cover)